IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOE RAKES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR MISTRIAL<br><br><br><br>Case No. 2:05-CR-131 TS |

This matter is before the Court on Defendant's oral Motion for Mistrial, made during the course of trial on March 22, 2006. Outside of the presence of the jury, the Court heard oral argument of counsel on the Motion, and took the matter under advisement. The Court has carefully considered the matter and, for the reasons set forth more fully below, will deny Defendant's Motion and will allow the case to go to the jury for disposition.

BACKGROUND

A three-day jury trial commenced in the above-captioned case on March 21, 2006, and twelve jurors and one alternate were chosen. On the second day of trial, March 22, 2006, during the testimony of a witness, an incident occurred which prompted Defendant to make the instant

Motion.  During the testimony, an exhibit was published to the jury which contained numerous names of individuals about whom the witness testified she had been allegedly assigned by Defendant to research personal information.  In reviewing this exhibit, juror number six recognized the names of two of the individuals as her husband's uncle and aunt.  She whispered to juror number five that they were her relatives, and juror number five responded by saying that juror number six needed to alert the courtroom deputy, which juror number six did.

      The Court convened a sidebar in chambers, and on the record, to discuss this incident with counsel.  The course of action selected was to separately bring in jurors number six and five explain to the Court, on the record, exactly what happened.  Juror number six confirmed that the names were of her relatives, and that she had made the statement to juror number five, and the Court excused juror number six from further service on the jury.  Juror number five confirmed the same events, and was questioned extensively by both the Court and counsel as to any prejudicial effect this occurrence may have had on her, as well as her continuing ability to remain a totally fair and impartial juror.  She repeatedly confirmed that it would have no impact on her, that she had not discussed, nor would she discuss, the matter with anyone, and that she had no doubt that she could be a fair and impartial juror in this matter.

      On suggestion of defense counsel, the Court also separately brought in jurors number four, eleven, twelve, and thirteen, who had been seated near jurors five and six at the time of the incident.  All four of these individuals confirmed, without hesitation, that they did not hear any comments or utterances between jurors five and six.  They were additionally instructed not to discuss the matter with anyone else.

DISCUSSION

The Tenth Circuit has set forth that "[a] mistrial may only be granted where a defendant's right to a fair and impartial trial has been impaired."[1] Fed.R.Crim.P. Rule 26.3 states that, "[b]efore ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives." As noted above, both counsel were afforded this opportunity by the Court.

At the outset, the Court clarifies that the juror who was personally tied to the individuals listed in the exhibit was excused from the jury, and the issue here concerns the person to whom she whispered her relation – juror number five. This case deals with extraneous information obtained by a juror prior to deliberation. As such, the Court finds that there is a rebuttable presumption of prejudice.[2] However, the Court finds that the presumption has been rebutted in this case, and further makes the following specific findings:

First, the incident dealt with a matter only tangentially related to the material issues in this case. The exhibit at issue contained approximately 20 names of individuals, and all of the jurors were shown those names. The fact that two of those named individuals were related

---

[1] *United States v. Kravchuck*, 335 F.3d 1147, 1155 (10th Cir. 2003), citing *United States v. Caballero*, 277 F.3d 1235, 1242 (10th Cir. 2002).

[2] *United States v. Day*, 830 F.2d 1099, 1103 (10th Cir. 1987) (citing *Remmer v. United States*, 347 U.S. 227, 229-30 (1954)). *But see United States v. Muessig*, 427 F.3d 856, 865 (10th Cir. 2005) (noting the two standards to assess impact of juror exposure to extraneous material). The Court notes that cases applying the "slightest possibility" standard usually involve juror exposure to extraneous information during deliberation. *See Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1241 (10th Cir. 2000) (collecting cases).

through marriage to a dismissed juror is not material enough to warrant a mistrial in this case, especially when only one juror was aware of it.  Although the Court acknowledges that this is not the standard applicable to the instant analysis, the Court notes, by way of example, that if it were to examine juror number five during the jury selection process for a "for cause" strike, it would not so strike her.  Her awareness that a fellow (and now stricken) juror was related through marriage to two of the people listed in the exhibit is tangential to the issue in this case and simply does not create enough of a prejudice to warrant such a drastic remedy.

     Second, there was no actual prejudice to Defendant.  This incident does not touch on the charges or elements relevant to conviction in this case.  The Court is considering a single juror's hearing of the fact that a now-excused juror was related by marriage to two people who a witness had researched, and which conduct is not required to support a conviction.

     More importantly, though, is the fact that juror number five was straightforward in her statements to the Court that she had not been personally influenced by the incident, that she would not allow it to influence her ultimate decision as to guilt or innocence, and that she would remain a completely fair and impartial juror.  The incident was not relevant to her personally and did not affect her impartiality.  As such, there is no actual prejudice to Defendant, and the Court finds that the presumption of prejudice has been rebutted in this case.  Additionally, no other jurors heard the comment, and all other jurors questioned by the Court were instructed not to discuss this additional voir dire.

In the alternative, even if the Court were to consider the instant Motion under the "slightest possibility" of prejudice standard,[3] the Court would arrive at the same conclusion. Having considered the totality of the circumstances, as cited above, the Court finds that mistrial is not appropriate under either standard of review.

The Court also wishes to note that cases with far more potentially prejudicial extraneous facts have been held not to require a mistrial, including: where a juror received a letter signed by a defendant, a defendant blurted out the fact that a bomb threat had been received in the courthouse, and a witness "lunged into a jury box," landing in a juror's lap;[4] where a juror allegedly made a statement indicating that she had reached a decision prior to deliberation;[5] where a juror remarked during a recess that she believed a particular witness to be a brilliant man;[6] and where a juror stated to another juror that she was "disturbed" about the testimony of a witness.[7]

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's oral Motion for Mistrial is DENIED.

---

[3] *Muessig*, 427 F.3d at 865 (finding exposure to extraneous information in the form of an unadmitted exhibit harmless under both standards).

[4] *United States v. Evans*, 542 F.2d 805, 815 (10th Cir. 1976).

[5] *United States v. Lawrence*, 405 F.3d 888, 903 (10th Cir. 2005).

[6] *United States v. Puckett*, 692 F.2d 663, 669-70 (10th Cir. 1982).

[7] *United States v. McHorse*, 179 F.3d 889, 903 (10th Cir. 1999).

SO ORDERED.

DATED  March 23, 2006.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge