IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOE RAKES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RULE 29 MOTION<br><br><br><br>Case No. 2:05-CR-131 TS |

This matter is before the Court on Defendant's oral Motion for Judgment of Acquittal, brought pursuant to Fed.R.Crim.P. 29 at the close of the government's case on March 22, 2006. Outside of the presence of the jury, the Court heard oral argument of counsel, and took the matter under advisement. Later that day during trial, and again outside of the presence of the jury, the Court ruled orally on the Motion, by indicating that it would grant the Motion as to Count I, but deny it as to Count II. This Order memorializes that ruling, and sets forth further justification below.

DISCUSSION

Fed.R.Crim.P. Rule 29(a) provides that,

> [a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

Subsection (b) also allows the Court to reserve its decision on the motion, provided that it decides the motion "on the basis of the evidence at the time the ruling was reserved."

In this case, Defendant is charged in a two-count Indictment with Mailing a Threatening Communication, pursuant to 18 U.S.C. § 876, and Conspiracy to Impede an Officer, pursuant to 18 U.S.C. § 372, both with aiding and abetting, pursuant to 18 U.S.C. § 2. The parties have stipulated to the elements for each charge which must be proven by the government beyond a reasonable doubt.

For Count I – Mailing a Threatening Communication – the elements are that 1) Defendant knowingly caused to be delivered in the mail, for delivery by the Postal Service, a communication containing a threat, as charged; 2) the nature of the threat was to injure the person of the addressee or another; and 3) the communication was addressed to a federal law enforcement officer. Count II – Conspiracy to Impede an Officer – requires that 1) Defendant agreed with at least one other person to prevent by force, violence or intimidation, Assistant United States Attorney Leshia Lee-Dixon, from discharging the duties of her office; 2) Defendant knew the essential objective of the conspiracy; 3) Defendant knowingly and voluntarily participated; and 4)

there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

As indicated orally in Court, the Court has viewed the evidence presented to the jury in the light most favorable to the government, and considered the standard of whether sufficient evidence has been presented which would allow a rational trier of fact to find guilt beyond a reasonable doubt.[1]

## COUNT I

Regarding Count I, the Court finds that no rational trier of fact could find evidence to satisfy the first element listed above.  Specifically, the government failed to present evidence that Defendant knowingly caused to be delivered in the mail, for delivery by the Postal Service, a communication containing a threat, as charged.  Even under the aiding and abetting statute, the government must still prove, beyond a reasonable doubt, a showing of conscious participation in a criminal act, i.e., knowingly assisting in the criminal act charged.[2]  There is simply no evidence to satisfy this element.

Therefore, the Court will grant Defendant's Motion for Judgment of Acquittal with respect to Count I of the Indictment, and will instruct the jury in open court that Count I is no longer a part of this case.

---

[1] *See* Fed.R.Crim.P. 29(a).

[2] See Jury Instruction 20A.

## COUNT II

Regarding Count II, the Court finds that the government has presented sufficient evidence which may allow a rational trier of fact to find guilt on that Count beyond a reasonable doubt. Therefore, the Court will deny the Motion as to Count II.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's oral Motion for Judgment of Acquittal, brought pursuant to Fed.R.Crim.P. 29, is GRANTED as to Count I, but is DENIED as to Count II. The jury will be instructed to disregard Count I and it will not be referenced in the jury instructions or verdict form.

SO ORDERED.

DATED  March 23, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge