IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOE RAKES,<br><br>　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND SETTING SENTENCING HEARING<br><br><br>Case No. 2:05-CR-131 TS |

　　　　On March 29, 2006, Defendant filed the instant Motion for Judgment of Acquittal, pursuant to Fed.R.Crim.P. 29(c), which provides for such a motion to be filed or renewed within seven days after a guilty verdict. The jury reached a verdict of guilty on Count II[1] on March 23, 2006. Therefore, Defendant's Motion was timely filed.

---

[1] Count I was dismissed by the Court on Defendant's previous Rule 29(a) Motion for Judgment of Acquittal on March 23, 2006. Docket No. 103.

1

Defendant did not file his supporting memorandum[2] until July 7, 2006.[3]  Prior to that, upon order of the Court,[4] the government filed its response to the Motion on June 23, 2006.[5]  The government also filed as a response/reply to Defendant's memorandum on July 11, 2006.[6]

DISCUSSION

In determining a Motion for Judgment of Acquittal under Fed.R.Crim.P. 29, the Court must consider whether "the evidence is insufficient to sustain a conviction."  The Tenth Circuit has clarified that the Court is to view the evidence in the light most favorable to the government, and determine whether any rational trier of fact could have found Defendant guilty of the crime charged, beyond a reasonable doubt.[7]  The Court can neither "weigh conflicting evidence nor consider the credibility of witnesses."[8]  The evidence must "reasonably support the jury's finding of guilt beyond a reasonable doubt."[9]

To meet its burden, the government was required to establish, beyond a reasonable doubt, the following: that 1) Defendant agreed with at least one other person to prevent by force,

---

[2] In his March 29, 2006 Motion, Defendant requested additional time to file the memo.

[3] Docket No. 140.

[4] Docket No. 135.

[5] Docket No. 136.

[6] Docket No. 143.

[7] *See United States v. Avery*, 295 F.3d 1158, 1177 (10th Cir. 2002).

[8] *United States v. Delgado-Uribe*, 363 F.3d 1077, 1081 (10th Cir. 2001).

[9] *United States v. Pulido-Jacobo*, 377 F.3d 1124, 1129 (10th Cir. 2004).

violence or intimidation, Assistant United States Attorney Leshia Lee-Dixon, from discharging the duties of her office; 2) Defendant knew the essential objective of the conspiracy; 3) Defendant knowingly and voluntarily participated; and 4) there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

In this case, the Court previously entered a ruling, at the close of evidence in the jury trial on March 23, 2006,[10] finding that the government had presented sufficient evidence which may allow a rational trier of fact to find guilt beyond a reasonable doubt. At that time, the Court denied Defendant's Rule 29 Motion as to Count II. No new evidence has been offered which would alter the Court's previous ruling.

It is the Court's view that, if it were to accept Defendant's arguments, it would amount to an impermissible weighing of credibility and conflicting evidence, which is solely the providence of the jury as finder of fact. In both written and oral argument, Defendant has mustered the facts to make his best case that the evidence was insufficient for a rational jury to find guilt beyond a reasonable doubt, and the government has done likewise to support its opposing argument. The fact is that the government was able to muster those facts for the jury to rely on. For the Court to superimpose its judgment as to which of those facts should or should not be believed would be contrary to the standard the Court must follow. The Court remains convinced that a reasonable jury could have found guilt based upon the evidence presented at trial and, indeed, the jury did so in this case.

---

[10] Docket No. 103.

The Court has viewed the evidence presented to the jury in the light most favorable to the government, and considered the standard of whether sufficient evidence has been presented which would allow a rational trier of fact to find guilt beyond a reasonable doubt. Based thereon, the Court will DENY Defendant's Motion for Judgment of Acquittal, brought pursuant to Fed.R.Crim.P. 29(c).

## CONCLUSION

Based on the above, it is hereby

ORDERED that Defendant's Motion for Judgment of Acquittal (Docket No. 116) is DENIED. It is further

ORDERED that a sentencing hearing will be held on August 23, 2006 at 2:00 p.m.

SO ORDERED.

DATED August 11, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge